IRAM NYE, Appellant, *v.* SIDNEY C. RAYMOND, Appellee.

APPEAL FROM BROWN.

In an action given on a bond in consideration of a patent, in which the party does not admit the existence of the patent or of the right to sell it, it may be shown that there was no such patent, or that it was invalid, or that the plaintiff had no right to sell it.

In a suit upon a bond given for a patent and other property, which does not show at what sum the parties estimated the patent, the contract is not indivisible, and partial failure of consideration may be impleaded.

THIS action was commenced in the Brown Circuit Court upon a bond given by Raymond to Nye for $1,300. The condition of the bond recites that Raymond purchased of Nye " his pat-ent portable saw-mill, together with the right of Brown county for the same, together with the four horses, ox wagon, gears and all the fixtures and implements belonging to Nye about the mill," as the same was there used, etc. The third plea avers that the consideration of the bond and condition in plaintiff's declara-tion mentioned, had partially failed, because the plaintiff was not the owner and had no title to the said patent right for the said county of Brown, and had no authority to sell the same, and that the right for the county of Brown was worth $1000. The fourth plea, denies that any patent ever issued for the said portable saw-mill, and that Nye had authority to sell, etc. A demurrer was interposed to these pleas. At November term, 1854, of the Brown Circuit Court, Walker, Judge, presiding, the demurrer was overruled, and the plaintiff electing to stand by his demurrer, judgment was entered for the defendant in the court below, awarding him his costs. The plaintiff below brings

the cause to this court, and assigns as error, the overruling of the demurrer to the third and fourth pleas.

J. S. BAILEY, for Appellant.

J. B. MOORE, for Appellee.

CATON, J. The declaration in this case, is upon a bond for the payment of thirteen hundred and fifty dollars, which bond recites that it is for the purchase, by the defendant of the plaintiff, of "his patent portable saw-mill, together with the right of Brown county for the same, together with the four horses, ox wagon," etc.. To this the defendant filed two special pleas averring a failure of consideration to the extent of one thousand dollars, in this, that the plaintiff had no right to sell such patent; and, in fact, that there was no patent upon the saw mill, and that such patent would have been worth one thousand dollars for Brown county. To these pleas a demurrer was filed, which was overruled and a judgment rendered for the defendant. This is the decision assigned for error.

In this bond, there is no agreement or admission by the defendant, of the existence of the patent, or of the right of the plaintiff to sell such patent, which would estop him to deny those facts; and, in the absence of such matter of estoppel, the law seems to be settled, that in an action for rent for the use or the purchase money for a patent or pretended patent sold, the defendant may show in defense, either that there was no such patent, or that the patent was invalid, or that the plaintiff had no right to sell it. Curtis on Patents, secs. 199 and 200. This principle is fully supported by the case of *Hayne* v. *Maltby*, 3 Term, 438. There, the plaintiff pretending to be the owner of a certain patent, assigned it to the defendant, for which the defendant entered into certain covenants with the plaintiff, which he violated. In an action for the violation of these covenants, the defendant was allowed to show that the patent was void, and thus defeated the action. And this must be so upon principle. If the purchase of a valid patent is a good consideration of a note, the failure of the patent necessarily constitutes a failure of the consideration of the note. It was said in this case that the saw-mill would cut as much timber and was as valuable to the defendant as if it had been patented, or if patented and the plaintiff had no right to sell the patent, still the defendant had never been disturbed in the use of the mill, and had thus enjoyed the full benefit of all he purchased. This is simply assuming that the mill and other tangible property were alone purchased, and that nothing was agreed to be given

for the patent, while the recitals of the bond show that the patent as well as the mill constituted a part of the consideration of the purchase; we must hence assume that the price agreed to be given was more than would have been given for the visible property alone, had it not been supposed to have been patented, and that at least to the value of the monopoly which the supposed patent would have been worth had it actually existed. This in the plea is asserted to be one thousand dollars, which is admitted by the demurrer. It is objected to the pleas that they do not show how much the parties estimated the value of the patent, when they made the contract, but as the whole was estimated together, the contract is indivisible, and we hence conclude that the plaintiff is entitled to recover the whole consideration. If a note be given for two horses and the title to one fails, to the extent of the relative value of that horse the defendant could plead a failure of the consideration of the note. This is of daily occurrence, and the case before us is like the one supposed. But it would seem that the defendant might go even beyond this, and defeat any recovery upon the bond even to the extent of the actual value of the property which he recovered and enjoyed by the purchase, and that the plaintiff should be driven to another form of action to recover the value of that property, and be denied all remedy upon the bond which he had taken for the sale of the patent which he had not and could not sell as well as the other property. *Chouter* v. *Leese,* 4 Meeson and Wels. 295; *same* v. *same,* 5 ibid. 698. But waiving this point, which it is not now necessary to decide, we are of opinion that these pleas are good, and that the demurrer was properly overruled.

The judgment must be affirmed.

*Judgment affirmed.*