## Henry Pratt & Co.

*v.*

## The Paris Gas Light and Coke Company.

155    531
192    4  81

*Filed at Springfield April 2, 1895—Rehearing denied June 10, 1895.*

1. Contracts—*vendor and purchaser—right of purchaser to rescind.* The purchaser of a gas machine upon representations by the seller, proved to have been false, that the right to use such machine is undisputed, may, upon learning such right is disputed under the patent laws, refuse to proceed under the contract of purchase.

2. Same— *consideration— agreement to indemnify purchaser against claims of others.* An agreement made by the seller of an apparatus for making gas, to indemnify the purchaser against the claim of a party that such apparatus infringes his patent, is supported by a valid consideration, and upon failure of the seller to furnish the agreed indemnity the purchaser may refuse payment of the purchase money, and hold the apparatus subject to the seller's order.

3. Jurisdiction—*by State court of question of patent infringement.* Although in direct proceedings for the infringement of patents jurisdiction of the Federal courts is exclusive, a State court may determine whether or not a particular machine infringes a prior patent, where the question arises collaterally in a suit on a contract to recover the price of the machine.

4. Appeals and errors —*errors assigned upon instructions not printed in abstract may be disregarded.* A court of review may decline to consider assignments of error in the giving or refusing of instructions, where all the instructions are not included in the abstract.

*Pratt & Co.* v. *Paris Gas Light and Coke Co.* 51 Ill. App. 603, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Edgar county; the Hon. FERDINAND BOOK-WALTER, Judge, presiding.

The following statement, taken from the opinion of the Appellate Court in this case, sufficiently presents the facts and issues tried :

"This was assumpsit, by appellants, against appellee, to recover the price of a certain apparatus for the manufacture of water gas, furnished by the former to the latter under a contract in writing.   The appellee pleaded the general issue and four special pleas.   These latter were, in effect, that the consideration had failed, and that the contract had been entered into upon false and fraudulent representations by the appellants as to material facts involving the right to use the patent for the manufacture of gas by the apparatus in question, and that the appellants had failed to indemnify the appellee against the claims of the real owner of the patent.   The court overruled a demurrer to the special pleas, and thereupon replications were filed.   The issues were found by a jury for the appellee, and after denying a motion for new trial the court entered judgment accordingly, from which appellants prayed the present appeal.

"The evidence tended to show : *First*—That while the parties were negotiating, the appellee distinctly informed appellants that it would not buy the apparatus if there was any question as to the right to use the patent, and that if there was any claim of that sort, whether valid or not, it would have nothing to do with the matter, and that the appellants then represented that while there had been a claim that the patent was an infringement upon what was known as the 'Springer patent,' that claim had been abandoned, and there was then no such claim made by the holders of the Springer patent, and that upon the faith of this representation the appellee signed the contract.

"*Second*—That this representation was false, and so known to appellants, and that shortly after the contract was signed, and while the apparatus was being put in place, the appellee was notified by the National Gas Light and Fuel Company that the use of the apparatus would infringe upon the Springer patent, and that a suit would be brought against appellee if it should use the same; that appellee then notified the appellants of the fact and of its unwillingness to proceed further in the matter, and that appellants, to induce the appellee to proceed, promised to give the appellee a bond of indemnity against any loss in the premises, whereupon the appellee consented to proceed, but that the bond was never given.

"*Third*—That a suit was brought against the appellee by the National Gas Light and Fuel Company in the United States Circuit Court for the Southern District of Illinois, for an infringement of said Springer patent, which suit, though brought nearly four years previously, and which appellants, by the terms of the contract, were bound to defend, was still pending and undetermined.

"*Fourth*—That the use of the apparatus was an infringement on the Springer patent, and that the appellee was liable for damages on that account for the time during which it had used the apparatus,—a period of a year or more; and it appearing that appellants were not defending said suit, as by the true meaning of the contract they were bound to do, and that they would not execute the bond of indemnity as agreed, appellee quit using the apparatus and notified appellants that it would not pay for the apparatus, and that the same was subject to their order."

JOHN T. RICHARDS, JOSEPH E. DYAS, and DANIEL F. RAUM, for appellants:

The finding of a United States court was the only evidence competent to prove, in the State court, that appellants' patents were an infringement of other pat-

ents. *Elmer* v. *Pennel,* 40 Me. 434; *Store Service Co.* v. *Clark,* 100 N.Y. 365; *Hovey* v. *Pencil Co.* 57 id. 119; *Tomlinson* v. *Battell,* 4 Abb. Pr. 266; *Brooks* v. *Stolly,* 3 McLean, 523; *Rawson* v. *Hager,* 48 Iowa, 269; *Cowen* v. *Mitchell,* 11 Heisk. 87.

The jurisdiction of the United States courts in suits involving the construction of patents, in the first instance, is exclusive. U. S. Rev. Stat. chap. 12, secs. 699-711; *Plow Works* v. *Starling,* 127 U. S. 376 ; *Kaser* v. *Arnold,* 41 Hun; 275; *Hyatt* v. *Ingles,* 49 N. Y. 375.

The seller cannot be held liable for a false representation, where nothing appears to show, as in the case here, that the seller has been guilty of any artifice or other means to prevent the purchaser from examining and judging for himself. *Dillman* v. *Nadlehoffer,* 119 Ill. 578.

Every person, in making a contract, is at liberty to speculate upon or express opinions as to future events, and he can not be held to answer for their truth or falsity. Cooley on Torts, 483, 486 ; *Payne* v. *Smith,* 20 Ga. 654; *Reed* v. *Sidener,* 32 Ind. 373 ; *Bristol* v. *Braidwood,* 28 Mich. 191.

The court will not rescind a contract without the clearest proof of fraudulent misrepresentations, and that they were made under such circumstances as show the contract was founded upon them. *Tuck* v. *Downing,* 76 Ill. 98.

There must be damage to the party deceived, even when there is a knowingly false representation, before a right of action can arise. Benjamin on Sales, (Perkins' ed.) 387.

As distinguished from false representation of a fact, the false representation as to a matter of intention not amounting to a matter of fact, though it may have influenced the transaction, is not a fraud at law. Kerr on Fraud and Mistake, 88.

A promise to perform an act, though accompanied, at the time, with an intention not to perform, is not such a

representation as can be made the ground of an action at law.    *Gage* v. *Lewis*, 68 Ill. 616.

H. VAN SELLAR, and F. W. DUNDAS, for appellee :

Whenever a suit is brought on a contract in a State court, and the question of the validity of a patent comes up collaterally or grows out of the contract, then the State court has jurisdiction to hear and determine the matter ; and we understand this to be the rule in this State, and all other States where this question has been passed on, except in Maine.    *Sigle* v. *Brooks*, 25 Ill. App. 210; *Nye* v. *Raymond*, 16 Ill. 154; *Sareburn* v. *Jackson*, 60 Conn. 569; *Middlebrook* v. *Broadbent*, 47 N. Y. 446; *Bebein* v. *McKinzie*, 47 id. 662; 3 Wait on Actions and Defenses, 766; *Dickenson* v. *Hall*, 14 Pick. 220; 18 Am. & Eng. Ency. of Law, 70, 71, 141 ; *Page* v. *Dickenson*, 28 Wis. 690 ; *Rice* v. *Garnhart*, 34 id. 453 ; *Saxton* v. *Dodge*, 57 Barb. 84 ; *Slemmer's Appeal*, 58 Pa. 155.

The fact that a patent cannot be used without infringing on other patents is a good defense.    *Davis* v. *Gray*, 17 Ohio, 330; *Orr* v. *Bunwell*, 17 Ala. 378; 18 Am. & Eng. Ency. of Law, 141.

If a patent is invalid that is a good defense.    *Nye* v. *Raymond*, 16 Ill. 153.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

It was held by the Appellate Court, as they were warranted by the evidence in doing, that the contract between appellants and appellee was entered into by the latter upon the faith of representations by appellants that the right to use the patent was not disputed, which representations were known by appellants to be untrue when made, and further, that upon becoming aware of the fact that the rights of appellants were disputed, (in respect of which fact there can be no longer any controversy,) appellee was justified, as we think it unquestionably was,

in its refusal to proceed under the contract; and it therefore necessarily follows that the conclusion of the Appellate Court that the agreement made by appellants to give an indemnity in the form of a bond, in addition to the covenant in the contract to defend any suit brought for infringement, was upon a valid and sufficient consideration, and the failure of appellants to comply with the agreement would authorize appellee to rescind, hold the apparatus subject to the order of appellants, and refuse to pay therefor. Upon the most careful consideration of the case we can find no error in the rulings of the trial court in respect of this issue.

The more important question, and the one chiefly relied on by appellants for reversal, arises from the admission of evidence by the trial court tending to show that the patent claimed by appellants, or their apparatus or machine, was an infringement of a patent controlled by the National Gas Light and Fuel Company.

By the contract between the parties appellee was to have the privilege of using the apparatus and machinery put in by appellants, and the right to so use the same was the sole consideration for entering into the agreement and of assuming the liability to pay, for which suit is brought. If appellants had no right to grant the use of such apparatus there was a total failure of consideration, and appellee was not bound, under its contract, to subject itself to liability for infringement upon the Springer patent, and might rightfully refuse further to be bound whenever it became apparent that the use of the apparatus sold appellee by appellants subjected it to suit for damages by the owners of the Springer patent. The apparatus was wholly worthless to appellee if it could not be safely and lawfully used, and appellants having covenanted that it might be so used, and induced appellee to purchase it upon the representation and covenant that appellee should have the right to its full enjoyment and use, it follows, necessarily, that if

appellants had no right to sell to appellee the privilege of using the apparatus there was a failure of the consideration for the promises of appellee. *Rice* v. *Garnhart*, 34 Wis. 453; *Bliss* v. *Negus*, 8 Mass. 46; *Nye* v. *Raymond*, 16 Ill. 153.

The foregoing position is not seriously controverted, but it is insisted that this issue was not within the jurisdiction of the State court, and that the question involved fell within the exclusive jurisdiction of the Federal courts, —that is to say, that if the issue could be determined in the State courts, it could only be determined after a finding that there was an infringement, by the United States court.

It may be conceded, and upon this question there is no conflict of decision, that in a direct proceeding for the infringement of a patent the jurisdiction of the Federal court is exclusive. The weight of authority, however, is, that where the question arises collaterally, as it does in this case, it may be determined in the State courts. The defense interposed was, that the consideration had failed, in whole or in part, because the purchase by appellee was induced by the false and fraudulent representations of appellants that their apparatus was not an infringement upon the Springer patent, and that there was no claim by the owners of that patent that appellants' patent or apparatus was an infringement upon it, and that the apparatus sold by appellants to appellee was, and was claimed by the owners of the Springer patent to be, an infringement upon said patent. Upon this, issue was taken and evidence to sustain the plea admitted. The question arose out of a contract between the parties, and the matter of infringement was collaterally involved. In *Nye* v. *Raymond, supra*, it was held that in the absence of matter estopping the defendant from denying the existence of a patent or the right of the plaintiff to sell it, "the law seems to be settled that in an action for rent for the use or the purchase money for a patent or pretended

patent sold, the defendant may show, in defense, either that there was no such patent, or that the patent was invalid, or that the plaintiff had no right to sell it,"— citing Curtis on Patents, 199, 200, and *Hayne* v. *Maltby*, 3 Term Rep. 438,—and a judgment of a circuit court in favor of the defendant was affirmed by this court. As sustaining this doctrine, see, also, *Rice* v. *Garnhart, supra; Page* v. *Dickerson,* 28 Wis. 695; *Middlebrook* v. *Broadbent,* 47 N. Y. 443; *Slemmer's Appeal,* 58 Pa. 155. Numerous other cases sustaining the same doctrine may be found.

We are of opinion that where the question arises collaterally, the State court has jurisdiction to determine whether the particular thing is or is not an infringement of a prior patent, and that therefore the court did not err in admitting the testimony complained of.

Complaint is made of refusal of instructions asked for by appellants. It can only be determined whether error has been committed when all of the instructions are considered. The Appellate Court, and this court; upon being made aware that all of the instructions are not included in the abstract, might well decline to consider the error assigned in respect of the instructions abstracted. The courts should not be required to pass on a case upon a partial abstract, or go to the record to find those portions of it which are omitted. In this case, however, we find in the record nineteen instructions given at the instance of appellants, not abstracted, in which every material point in the instructions refused to which appellants were entitled is sufficiently stated.

The objections urged to instructions given at the instance of appellee are each met by the views already expressed. If we are correct in our holding upon the principal questions involved in the case, the instructions given stated the law with substantial accuracy.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*