## Harry L. Vaughan et al., Appellees, v. Leslie A. Gilmore et al., Appellants.

### Gen. No. 17,472.

CHANCERY—*when has jurisdiction of cause involving patent.* If there are no questions of validity or infringement involved a court of equity may take jurisdiction of a cause involving a patent if it otherwise has jurisdiction.

Bill in chancery. Appeal from Superior Court of Cook county; the Hon. MARTIN M. GRIDLEY, Judge, presiding. Heard in this court at the March term, 1911. Affirmed. Opinion filed July 10, 1911. Rehearing denied July 20, 1911.

SAMUEL FRIEDLANDER, for appellants.

BURNS & LANGENECKER, for appellees.

MR. JUSTICE SMITH delivered the opinion of the court.

The appellees filed a bill in chancery against the appellants to enjoin them from selling or manufacturing an article patented by the appellee Vaughan called a "crown bottle opener," and owned jointly by said Vaughan and one Court. The bill sets up that Gilmore is a lawyer and induced Vaughan to sign a certain contract; and then follows a recital of a series of transactions and business dealings not necessary to detail here; that finally said Vaughan purchased from said Gilmore all his right, title and interest in and to the said patent, and thereafter said Gilmore, with the other appellants, began the manufacture and sale of said crown bottle opener under an alleged contract or assignment from the said Court; that by reason of the facts and circumstances set out in the bill, it is claimed the said Gilmore and associates are estopped from manufacturing and selling said article. The appellants filed a general and a special demurrer; the grounds of the special demurrer being that the court had no jurisdiction. The court overruled the demurrers and entered

an order temporarily enjoining the appellants as prayed; and from such interlocutory order this appeal is prosecuted.

In our consideration of the case on the record before us, we must of course consider that all the facts alleged in the bill are true. In our opinion the bill stated facts sufficient to warrant the chancellor issuing the restraining order *pendente lite*.

As to the jurisdiction of the court: if the question is one of the validity or an infringement of the patent, exclusive jurisdiction is in the Federal Courts. It appears from the allegations of the bill the patent was valid, and by the demurrer its validity is admitted; it is further alleged, and by the demurrer admitted, that the appellants, or one of them, have a contract or an assignment from the said Court of a one-half interest in said patent. It would therefore appear there can be no question presented here of an infringement of the patent or the validity thereof. The question presented by the bill, as we view it, is whether or not, under the facts and circumstances detailed in the bill, the appellants are estopped from manufacturing and selling the said patented article, when they have a contract or an assignment of a one-half interest in said patent. The questions thus presented are questions for a court of equity to hear and determine; and on such issues, there being no questions of the validity or infringement of the patent, the State court has jurisdiction. Hartell v. Tilghman, 99 U. S. 547; Albright v. Teas, 106 U. S. 613; Wood v. Skinner, 139 U. S. 293; Marsh v. Nichols, 140 U. S. 344; The Havana Press Drill Co. v. Ashurst, 148 Ill. 115; Pratt v. Paris Gas Light & Coke Co., 155 Ill. 531; Illinois Watch Co. v. Ecaubert, 177 Ill. 587; Rich v. Atwater, 16 Conn. 409.

The interlocutory order entered by the Superior Court is affirmed.

*Affirmed.*