Henry H. Parkin et al., Appellees, v. Damen-Ridge
Apartments, Inc., Appellant.

Gen. No. 45,445.

Opinion filed July 27, 1951.

Rehearing denied September 17, 1951. Released for publication September 18, 1951.

CHARLES LEVITON and JEROME H. LEVITON, of Chicago, for appellant.

JACK I. SPERLING, of Chicago, for appellees.

MR. JUSTICE FEINBERG delivered the opinion of the court.

Defendant appeals from an order granting plaintiffs a preliminary injunction to restrain defendant from prosecuting forcible entry and detainer proceedings brought in the municipal court against some of the plaintiffs, and from bringing threatened forcible entry and detainer proceedings against the remaining plaintiffs. The preliminary injunction was issued upon a hearing had upon the second amended complaint, the answer of defendant thereto, and a sworn petition for the preliminary injunction, and answer thereto.

The second amended complaint alleged, *inter alia,* that defendant is a Delaware corporation, licensed to do business in Illinois; that the corporation was formed to become eligible for loan insurance under the National Housing Act, as amended, passed May 22, 1946, (United States Code Annotated, Title 12, paragraph 1743), to enable it to construct a housing project for war veterans of World War II, as provided in the National Housing Act; that the Act created the office of Federal Housing Commissioner with specified authority over applications for loan insurance for such projects and to fix, regulate and control the rental charge to be made to veterans, to whom such project was required to be opened; that the Act, and the rules and regulations adopted by the Federal Housing Commissioner, required the applicant, in order to become eligible for such loan insurance, to submit its plans, specifications and cost of intended project construction, whereupon the Commissioner would issue to the applicant his project analysis cover-

302

ing each of the dwelling units, and indicating the maximum rentals that he would approve for such occupancy; that the Act and regulations further provided that the project could not be opened for leasing to veterans nor could leases be made for occupancy until a schedule of rental charges for such occupancy was filed with the Commissioner and approved by him; that during the existence of the obligation of the United States upon such loan insurance, no other charge or change in such rentals could be made by the project owner without first obtaining the approval of the Commissioner; that the project was opened for occupancy in December 1947, and leases were entered into with each of the plaintiffs, who were war veterans; that defendant did not file with the Commissioner any schedule of the rents to be charged to the plaintiffs, nor was any such schedule approved by the Commissioner up to the time of the filing of the complaint herein, all in violation of the Act and the regulations thereunder; that the leases made with plaintiffs required of them, and they did deposit as security, three months' rent for their dwelling units; that defendant exacted of each of the plaintiffs a $25 charge for investigation as to the desirability of each of them as a tenant; that the requirement of deposit of three months' rent as security and the exaction of the $25 charge was not authorized or approved by the Housing Commissioner and, therefore, was in violation of the Act and regulations; that the amount of rent provided for in the lease as to each of the plaintiffs was in each instance in excess of the amount indicated by the project analysis the Commissioner would approve as the rental charge for said dwelling units.

The complaint prayed for the following relief: (1) a declaratory judgment declaring the leases null and void; (2) an injunction to restrain the prosecution of forcible entry and detainer proceedings brought

against some of the plaintiffs and from bringing other forcible detainer proceedings against the remaining plaintiffs; (3) an accounting as to the rentals and charges exacted in violation of the Act and regulations; and (4) an allowance of attorney's fees in the prosecution of the suit.

Upon this appeal we are concerned only with the question as to the validity of the order for the preliminary injunction.

Defendant challenges the jurisdiction of the circuit court over the subject matter. It argues that the right sought to be enforced by plaintiffs under the National Housing Act can only be adjudicated in the federal courts because no jurisdiction is expressly conferred upon the state courts by said Act.

 This challenge to the jurisdiction of the state court must, at the outset, be met before discussing the other contentions. The rule, and the class of cases to which it applies, stated in 21 Corpus Juris Secundum, pp. 798, 799, 800, adopted by the federal and state courts, is:

"Upon the state courts, equally with the courts of the Union, rests the obligation to guard and enforce every right secured by the constitution and laws of the United States whenever those rights are involved in any suit or proceedings before them; and, where exclusive jurisdiction has not been expressly or impliedly granted to the federal courts, state courts have concurrent jurisdiction to enforce such rights, provided they are authorized by the state constitution and statutes to take jurisdiction.

"As a general rule, the grant of jurisdiction to federal courts does not of itself imply that the jurisdiction is to be exclusive."

*United States v. Bank of New York Co.,* 296 U. S. 463, 479; *Taylor v. Southern Ry. Co.,* 350 Ill. 139, 145;

*Henry Pratt & Co. v. Paris Gaslight & Coke Co.,* 155 Ill. 531, 537. The National Housing Act did not confer jurisdiction upon the federal courts exclusively. The circuit court was not without jurisdiction.

■ Defendant urges that neither the complaint nor the petition for injunction allege such facts as to warrant the extraordinary remedy of injunction to restrain the prosecution of forcible entry and detainer proceedings or the bringing of such threatened actions. There is merit in defendant's position. As to plaintiffs Holtzman, Gold and Ramsdell, it appears from the record that each had a lease which had expired at the time of the filing of the petition for injunction and hearing thereon. Neither the pleadings nor the record disclose what leases the remaining plaintiffs had, when they began and when they expired, or that they were in existence at the time of the hearing. In *Bartelstein v. Goodman,* 340 Ill. App. 51, this Court (First Division) held that under special circumstances a court of equity has inherent power to restrain the prosecution of a forcible detainer action brought to enforce a forfeiture of a leasehold interest and could restrain such forfeitures. As to the three plaintiffs mentioned, their leases had expired, and there was no existing leasehold interest to forfeit. As to the remaining plaintiffs, there is no showing as to what existing leases they had, if any, sought to be forfeited by threatened forcible detainer actions. Therefore, there is no such showing of a substantial property right as would entitle a court of equity to interfere by injunction on the ground of forfeiture of a leasehold interest.

Plaintiffs' complaint does not state a case for injunctive relief, and the order appealed from is accordingly reversed.

*Reversed.*

KILEY, P. J. and LEWE, J., concur.