ARTHUR THOMPSON

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Opinion filed October 24, 1901.*

APPEALS AND ERRORS—*all given instructions must appear in abstract to authorize consideration of alleged error in giving them.* Alleged error in giving instructions will be considered on appeal or writ of error only when all the instructions given are set out in full in the abstract of record.

WRIT OF ERROR to the Circuit Court of Knox county; the Hon. GEORGE W. THOMPSON, Judge, presiding.

C. D. HENDRYX, and C. C. CRAIG, for plaintiff in error.

H. J. HAMLIN, Attorney General, and A. J. BOUTELLE, State's Attorney, for the People.

Mr. JUSTICE HAND delivered the opinion of the court:

The plaintiff in error was indicted by the grand jury at the November term, 1900, of the circuit court of Knox county for the larceny of $90 and a watch, the property of one George W. Henderson. He pleaded not guilty, and upon trial was convicted and sentenced to the penitentiary for an indeterminate period.

The evidence shows that on the 4th day of July, 1900, George W. Henderson and Charles and William Haven, who resided at Bushnell, went to the city of Galesburg, where they arrived in the forenoon; that during the day they visited various saloons and resorts, where they drank beer and whisky and became intoxicated; that Henderson had upon his person a watch and a considerable amount of money, and that he exhibited his money at the fair ground and in various saloons; that about five o'clock in the afternoon they met the plaintiff in error, who also resided at Bushnell and with whom they were slightly

acquainted, and who had also been drinking; that to-
gether they boarded a street car with the intention of
going to Lake George, which is situated near said city;
that plaintiff in error and Henderson occupied adjoining
seats, the Haven boys sitting near them; that Hender-
son was in a helpless state of intoxication while upon
the car; that the Haven boys were also intoxicated; that
while on the street car on the way to the lake the plain-
tiff in error took from the pocket of Henderson his money
and watch; that shortly after they arrived at the lake
they separated and the plaintiff in error returned to the
city. In the afternoon he had no money with which to
buy drinks and attempted to borrow two dollars of an
acquaintance. Upon his return to the city he was seen to
have in his possession a considerable amount of money.
He took a freight train in the night and returned to
Bushnell. A day or two after his return he had in his
possession, which he had changed at a furniture store,
a twenty-dollar bill, and shortly thereafter a ten-dollar
bill. The watch, after his arrest, was found in a barn
upon the premises which had been occupied by him.
Upon the return of Henderson to Bushnell he called upon
the plaintiff in error and asked him for his money and
watch. The latter admitted he took the watch and money
from him while they were upon the street car, but insisted
he did so in order that he might take care of the same for
him until he was sober, and stated that after he reached
the lake he was very much intoxicated and lay down
and went to sleep, and while asleep he was robbed of the
money and watch and $15 of his own money. On the trial
he testified he had Henderson's money and watch after
he returned to the city from the lake, and that his wife
took the same from him after his return home.

We are of the opinion the evidence is ample to sustain
the verdict, and that the jury were justified in finding
that the plaintiff in error took Henderson's money and
watch with the intent to steal the same, and not for the

purpose of taking care of the same until Henderson became sober.

It is insisted that the court misdirected the jury as to the law. While a number of instructions were given to the jury at the instance of each party, only the fourth, fifth and sixth given on behalf of the People, and the sixth as modified and given on behalf of the defendant, are found in the abstract. We have repeatedly held that error in giving instructions will be considered on appeal or writ of error only when all the instructions given are set out in full in the abstract. *Pratt & Co.* v. *Paris Gas Light Co.* 155 Ill. 531; *City of Roodhouse* v. *Christian*, 158 id. 137; *City Electric Railway Co.* v. *Jones*, 161 id. 47; *Gibler* v. *City of Mattoon*, 167 id. 18; *Staude* v. *Schumacher*, 187 id. 187.

In *City of Roodhouse* v. *Christian, supra*, on page 141 it is said: "In determining whether or not an instruction is erroneous, it must be considered in connection with all the other instructions given in the case; and even though one or more instructions in a series may be erroneous, still, unless it can be seen that some injury thereby resulted to the party complaining, the error will be treated as a harmless one. It is therefore manifest that a case can only be properly considered, where the ruling of the trial court in giving instructions is assigned for error, when all the instructions given are presented by the abstract. All the instructions asked upon the trial should be set forth in the abstract. Parties have no right to set forth a single instruction, or the instructions given on one side of the case, and object to the same, leaving the court to go to the record for the purpose of determining whether others supply omissions or cure defects complained of." In this case however, we have turned to the record and examined the instructions, and upon consideration of all the instructions given, as a series, we are satisfied that the jury were properly instructed as to the law, and that the plaintiff in error has no cause of complaint on account of the giving of the instructions

on behalf of the People, complained of, or because of the modification of his sixth instruction as given.

Finding no reversible error in this record the judgment of the circuit court will be affirmed.

*Judgment affirmed.*