MARY REAVELY, Appellee, *vs.* CLARA HARRIS, Appellant.

*Opinion filed April 23, 1909.*

1. PRACTICE—*when motion for a directed verdict must be made at close of all the evidence.* If the defendant introduces evidence after her motion for a directed verdict, made at the close of the plaintiff's evidence, has been denied, it is necessary for the motion to be again made and the peremptory instruction again offered at the close of all the evidence, otherwise the question whether the evidence fairly tends to support the plaintiff's cause of action will not be preserved for review.

2. SAME—*party must object to alleged incompetent testimony and except to ruling.* A party who desires to preserve for review the question of the admissibility of evidence should object to its admission and save an exception to the action of the court in admitting the testimony over his objection.

3. SAME—*when motion in arrest of judgment is not proper.* If a declaration has been held good upon demurrer its sufficiency can not be again tested by a motion in arrest of judgment, and there is no error in overruling such motion.

4. EVIDENCE—*what evidence in corroboration of witness' statements is generally incompetent.* Where a witness makes statements at the trial claimed to be different from those made out of court, proof that she made other statements out of court agreeing with those made on the trial is generally incompetent, as it usually amounts to hearsay.

5. SAME—*when it is not error to permit the attorney to testify.* Where a witness intimates in her testimony that the plaintiff's attorney had attempted to induce her to give false testimony, it is not error to permit the attorney, though actively engaged in the trial, to be sworn and give his version of the matter without withdrawing from the case; but such is not the approved practice.

6. APPEALS AND ERRORS—*question of a variance cannot be first raised on appeal.* The question of a variance between the declaration and the proof cannot be raised on appeal where it was not raised in any manner upon the trial.

7. SAME—*abstract of record should set out all the instructions.* Error cannot be predicated upon the giving, refusal or modification of instructions unless all the instructions are set out in the abstract of record, the reason for such rule being that there may have been other instructions which cured the error complained of.

8. SAME—*the abstract of record should present all errors relied upon.* The abstract of record should be so made up as to fully present for decision every error and exception relied upon, and, as against the party filing the abstract, it will be taken as correct and sufficient for a full understanding of the case.

9. SAME—*errors relied upon must clearly appear from abstract of record.* The presumption is that the judgment of a lower court is correct, and a party bringing a case to the Supreme Court should so present the case that the errors relied upon for reversal shall clearly appear upon the face of the abstract, as it is not the duty of the Supreme Court to search the record for reversible error.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding.

SMITH & FRIEDMEYER, for appellant.

S. H. CUMMINS, and STEVENS & STEVENS, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This was an action on the case commenced by Mary Reavely, the appellee, against Clara Harris, the appellant, in the circuit court of Sangamon county, to recover damages for criminal conversation and for alienating the affections of her husband, John S. Reavely. The declaration contained two counts. A demurrer was overruled as to each count of the declaration and the general issue was filed. A trial resulted in a verdict in favor of the plaintiff for the sum of $5000, upon which the court, after overruling

a motion for a new trial and in arrest of judgment, rendered judgment, which judgment, upon the appeal of the defendant, was affirmed by the Appellate Court for the Third District, and a further appeal has been prosecuted to this court.

It is first contended that the trial court erred in refusing to direct a verdict in favor of the defendant. The defendant made a motion, accompanied by an instruction, for a directed verdict at the close of the plaintiff's evidence, and the motion having been overruled the defendant then put in her evidence and the plaintiff rebutting evidence, but the defendant did not renew her motion, accompanied by an instruction, for a directed verdict at the close of all the evidence. The practice is well settled in this State that in order to preserve the question for review in this court, as a question of law, whether the evidence fairly tends to support the plaintiff's cause of action, a motion in writing for a directed verdict, accompanied by an instruction to find for the defendant, must be presented to the court by the defendant at the close of all the evidence, and it is not sufficient to make such motion and present such instruction at the close of the plaintiff's testimony, where, after the defendant's motion has been overruled, he proceeds to introduce proofs. *Pittsburg, Cincinnati, Chicago and St. Louis Railway Co.* v. *Hewitt,* 202 Ill. 28; *Chicago Union Traction Co.* v. *O'Donnell,* 211 id. 349; *Streator Independent Telephone Co.* v. *Continental Telephone Construction Co.* 217 id. 577.

It is next contended that the court erred in the admission and exclusion of evidence. The marriage between the plaintiff and John S. Reavely was proved by parol testimony, and the court admitted certain conversations between the plaintiff and defendant over the telephone and certain conversations between the plaintiff and her husband had out of the presence of the defendant. All this evidence was admitted without any objection to its admissibility being inter-

posed and no exception has been preserved to its admission. If the defendant desired to have this court pass upon the admissibility of this evidence she should have objected to its admission and obtained a ruling as to its competency by the trial court, and if that court overruled her objections, preserved proper exceptions to the ruling of the court. A party cannot permit incompetent evidence to go to the jury without objection or preserving exceptions to the ruling of the court admitting such testimony and then have the case reversed on the ground that the evidence was incompetent. This would permit a party to speculate upon the result of the admission of incompetent evidence, and to obtain the benefit of incompetent evidence if the result of its admission resulted to his advantage and to obtain a reversal of the case in the event its admission proved detrimental to him. *Kennedy* v. *Borah,* 226 Ill. 243.

On the trial one Rose Link made statements different from those it was claimed she had made out of court, and it was sought to corroborate her evidence by proof that on another occasion she had made statements which agreed with those testified to by her upon the trial. Evidence of this character is generally held to be incompetent, (*Chicago City Railway Co.* v. *Matthieson,* 212 Ill. 292,) as it usually amounts only to hearsay evidence. In this case the purpose of the evidence was not pointed out to the court, although the court inquired of counsel for the defendant the object of seeking to introduce the same. We think the court did not err in excluding the evidence.

The witness Rose Link was claimed to have made certain statements to the plaintiff, in the presence of plaintiff's attorney. On the trial she denied the statements, and intimated in her testimony that the plaintiff's attorney had in said interview sought to induce her to give false testimony. The attorney, although actively engaged in the trial and although the rule had been enforced separating the witnesses, was permitted by the court to be sworn and to give his

239—34

version of what was said at the interview between the witness and plaintiff in his office. While the general rule is that an attorney connected with a case should not testify therein without first withdrawing from the case, still in this case, as the witness sought to cast an aspersion upon the professional character of the attorney and his presence was necessary during the trial, we think the court did not err in permitting said attorney to testify or that his relation to the case disqualified him as a witness. He was properly permitted to testify, the weight of his testimony being a question for the jury.

It is next urged that there was a variance between the proofs and the declaration, and that the court erred in overruling the motion in arrest of judgment. The question of variance was not raised upon the trial and it cannot be raised on appeal for the first time; (*Illinois Terminal Railroad Co.* v. *Thompson,* 210 Ill. 226; *Parmelee Co.* v. *Wheelock,* 224 id. 194;) and the declaration having been held good on demurrer, its sufficiency could not again be tested by a motion in arrest of judgment. *Quincy Coal Co.* v. *Hood,* 77 Ill. 68; *Langan* v. *Enos Fire Escape Co.* 233 id. 308.

It is also urged that the verdict and judgment are excessive. That question was one of fact and was conclusively settled by the judgment of the Appellate Court. *Variety Manf. Co.* v. *Landaker,* 227 Ill. 22.

It is finally urged that the trial court erred in its rulings upon the instructions given to the jury on behalf of the plaintiff and in refusing and modifying instructions offered on behalf of the defendant. It appears from the abstract filed in this court that the instructions offered for the appellant were numbered from 1 to 11, while the ninth and tenth instructions are not abstracted. The abstract of a record should be made up in such manner as to fully present for decision every error and exception relied upon, and it will be taken to be correct and sufficient for a full under-

standing of the case, as against a party filing the abstract, This court has repeatedly held that error cannot be predicated upon the giving, refusal or modification of instructions unless all the instructions are set out in the abstract, for the reason that there may have been other instructions given which cured the errors complained of. *Thompson* v. *People,* 192 Ill. 79; *Siegel, Cooper & Co.* v. *Norton,* 209 id. 201.

It is insisted by the appellant that an examination of the record will show that all the instructions are properly abstracted, and we are invited to examine the record to verify the correctness of the statement. In *Gibler* v. *City of Mattoon,* 167 Ill. 18, on page 22, this court said: "It is the duty of parties bringing cases here for review to prepare and file complete abstracts of the record in accordance with the rules, and such abstracts as we can safely rely upon. It is not our duty to perform this work of counsel, which, in detail, as to them is inconsiderable, but when imposed upon us is, in the aggregate, extremely burdensome." It is not, therefore, the province of this court to search through the record for the purpose of discovering errors in the record or to find errors upon which to predicate a reversal. The presumption is that the judgment of a lower court is correct, and a party bringing a case to this court should so present his case that the errors in the record relied upon for a reversal clearly appear upon the face of his abstract. In this case, however, we have carefully read the brief and argument of appellant devoted to a discussion of the supposed errors arising upon the rulings of the court upon the instructions and are convinced that the court committed no reversible error in instructing the jury as to the law.

Finding no reversible error in this record the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*