Argued October 11; affirmed December 11, 1934

HART *v.* STATE INDUSTRIAL ACCIDENT
COMMISSION

(38 P. (2d) 698)

*William P. Lord,* of Portland (Moynihan & Thompson, of Salem, and W. H. Fitzgerald and Lord, Moulton & Krause, all of Portland, on the brief), for appellant.

*Victor R. Griggs,* Assistant Attorney-General (I. H. Van Winkle, Attorney-General, and Miles H. McKey, Assistant Attorney-General, on the brief), for respondent.

BAILEY, J. The plaintiff appealed to the circuit court for Marion county from an order of the State Industrial Accident Commission denying her claim for compensation. On the trial of the cause, at the close of plaintiff's testimony the court granted the defendant's motion for an involuntary nonsuit, and from the judgment entered thereon the plaintiff has appealed to this court.

Two matters are here presented: (1) the disposition of defendant's motion to strike the plaintiff's purported bill of exceptions, and (2) a determination of the merits of the case.

The judgment of the circuit court was entered on May 24, 1932. On August 12 following there was filed

with the clerk of the circuit court what purported to be a transcript of the proceedings had on the trial of the cause, which transcript contained the usual reporter's certificate, and in addition a certificate by the judge who presided at the trial. The latter certificate is to the effect that "the foregoing transcript of evidence as furnished by H. J. Bratzel from the shorthand notes by her taken at said time and place, together with the documentary evidence therein referred to, constitute all the evidence adduced at the trial of the above-entitled cause". The judge's certificate was dated at Salem, Oregon, July 19, 1932.

The transcript of testimony was forwarded by the county clerk, with the transcript on appeal, to this court, where it was filed August 13, 1932. Thereafter attorneys for the respondent, State Industrial Accident Commission, moved to strike from the files this document labeled "transcript of testimony", on several grounds, among which were enumerated the following: (1) that the same was not tendered to the clerk of the circuit court within sixty days after the entry of the judgment nor within any extension of time granted within said sixty days; (2) that copy thereof had never been served upon the attorneys for the defendant as required by rules of the circuit court of Marion county; and (3) that the said document did not contain proof of service of a copy thereof upon attorneys for the defendant. This motion was supported by affidavits of the attorney-general and his assistants who had charge of the trial of the case, to the effect that neither the so-called transcript of testimony nor a copy thereof had been served upon the attorney-general or any of his assistants, and that the assistants who had charge of the proceeding did not know that the said transcript

had been filed in the circuit court until they began the preparation of respondent's brief on appeal, some five days before the motion was filed.

Rule 3 of the circuit court of the third judicial district of the state of Oregon requires that copies of all papers filed in a cause must be served upon the attorneys for the adverse party whenever such party has appeared by attorney. Rule 6 specifies that all documents required to be served shall contain the certificate of the attorney of record for the party filing it, to the effect that a true and correct copy of the same has been served upon the adverse party, or in lieu thereof the written admission of such adverse party or his attorney that such service has been made. Rule 15 of that court requires that "parties seeking bills of exceptions must prepare the proposed bill and serve a copy of the same upon the opposing counsel and present the original to the presiding judge within ten days after the entry of judgment". It further provides that the opposing counsel may, within a certain designated period, note his objections to the proposed bill and present the same to the presiding judge.

In resisting the motion to strike, the appellant filed an affidavit of one of her attorneys who had participated in the trial in the circuit court to the effect that all parties concerned in the litigation deemed it desirable that an appeal be taken to the supreme court in order to determine the correctness of the trial court's ruling on the motion for an involuntary nonsuit; that the court had requested one of the members of the State Industrial Accident Commission to obtain and pay for a transcript of the stenographic notes made at the trial; and that such commissioner had complied with that request.

In reply to this affidavit, the respondent filed a further affidavit, by its attorney in charge of the litigation, stating that the commission at the suggestion of the trial court had ordered the court reporter to prepare an original and two copies of the transcript of testimony; that the court reporter was instructed to deliver the same to the attorneys for plaintiff; that the bill for those services was presented to the commission and paid by it; that neither the original nor a copy of the transcript of testimony was delivered to or seen by the members of the defendant commission or its attorneys until a few days before the motion to strike the same was filed; and, further, that there was no agreement on the part of the attorney making the affidavit or the commissioner above referred to, that the defendant or its attorneys "would prepare or cause to be prepared any part of the record on appeal except as above stated, and that I did not waive any bill of exceptions or any provisions of the statute relating to appeals from the circuit court to the supreme court".

Without a written opinion, the motion of the respondent to strike from the files the so-called transcript of testimony was allowed by order of this court under date of June 27, 1933.

Nothing further seems to have been done until July 6, 1934, when a notice was served upon the attorneys for the defendant stating that plaintiff would apply to the circuit court of Marion county for the settlement of the bill of exceptions. On July 9 attorneys for the defendant filed their objections to the signing of any bill of exceptions by the circuit court, on the grounds theretofore urged in this court for striking the transcript of testimony from the files.

On October 10, 1934, the judge of the circuit court signed the bill of exceptions, making the transcript of testimony a part thereof. In the certificate it is stated that "the court settles and allows this bill of exceptions after the expiration of the time for settling the bill of exceptions" and "the court certifies it was agreed between the parties hereto through their respective attorneys and a member of the commission who was present during the course of the trial that an appeal was desirable in this case for the purpose of obtaining a definite construction as to the coverage of the workmen's compensation act under the particular circumstances of the case". The certificate furnished the court for signature also contained, in addition to the foregoing recital, a statement to the effect that the failure to file "a conventional bill of exceptions" was due to excusable neglect and mistake in that the reporter left a copy of the transcript of testimony with one of plaintiff's attorneys and delivered another copy to the Industrial Accident Commission, and that all the attorneys were under the impression that all technical objections as to the question of form were waived; and a further statement that the court settled the bill of exceptions as having been tendered within the time fixed by law and the rules of the court. The judge drew a line through this part of the proposed certificate and added thereto these words: "I know nothing about the other matters set forth herein". On the day of the argument of the cause before this court this purported bill of exceptions was filed here.

The defendant has filed a motion in this court to strike the bill of exceptions from the files, assigning as reasons therefor the same grounds hereinbefore urged with reference to striking the transcript of testimony,

and others. Accompanying the second motion to strike were further affidavits emphatically stating that no proposed bill of exceptions nor any transcript of testimony was ever served upon the defendant or its attorneys until July 6, 1934. There was also the affidavit of the court reporter to the effect that she had prepared the original and two copies of the transcript of testimony and delivered the same to one of the attorneys for the plaintiff but had not delivered either the original or a copy to the defendant's attorneys. These latter affidavits have not been controverted.

From the record before us it is apparent that neither the transcript of testimony nor a proposed bill of exceptions was served upon the defendant or any of its attorneys until July 6, 1934, nor was any notice given them before the latter date that a proposed bill of exceptions or the transcript of testimony had been or would be tendered the clerk of the circuit court or the trial judge.

The Code of Civil Procedure of 1862, § 229, in regard to bills of exceptions provided that no particular form of exceptions should be required but that the objections should be stated with so much of the evidence or other matter as was necessary to explain it, but no more. In 1913 (chapter 332, Laws 1913) there was added to that section a proviso to the effect that the bill of exceptions might consist of the transcript of the whole testimony and all the proceedings had at the trial, including exhibits offered and received or rejected, the instructions of the court to the jury, and other matter essential to the decision of the appeal. In 1929 (chapter 356, Laws 1929) the 1913 amendment was further amended by adding thereto a provision that the bill of exceptions might be tendered by presenting it to the

clerk of the court within sixty days after the entry of the judgment or decree or within such further time as might be granted by order of the court.

In *Weinstein v Wheeler*, 127 Or. 406 (257 P. 20, 271 P. 733, 62 A. L. R. 574), it was held that the trial judge might, in his discretion, sign and certify the bill of exceptions although the same had not been tendered within the time limited by the previous orders of the court. And in *Pacific Finance Corporation v. Ellithorpe*, 134 Or. 601 (280 P. 658, 289 P. 1058), this court held that the amendment of 1929 did not change the law in respect to the time for signing the bill of exceptions.

The 1931 legislature, after the decision in the case last above cited, again amended the law relating to bills of exceptions, which had, in the meantime, been codified as § 2-703, Oregon Code 1930, by changing the amendment of 1929 to read as follows:

"A proposed bill of exceptions may be tendered by presenting it to the clerk of the court within sixty (60) days after the entry of the judgment or decree, or within such further time as may be granted by order of the court if application is made during the said period of sixty (60) days or within any extension that may be granted." (Laws 1931, chapter 49.)

The law as amended in 1931 has been construed by this court three times, in the following cases: *State ex rel. v. Stapleton*, 139 Or. 402 (10 P. (2d) 600); *State v. Terwilliger*, 141 Or. 372 (11 P. (2d) 552, 16 P. (2d) 651); and *Goss v. State Industrial Accident Commission*, 140 Or. 146 (12 P. (2d) 322, 1006). In the last mentioned case this court held that the bill of exceptions was tendered and filed within the time allowed by order of the court, which was made prior to the expiration of sixty days from the date of the trial. The Stapleton case was an original proceeding in mandamus instituted

in this court to require the Honorable James P. Stapleton as circuit judge to settle a bill of exceptions in a case tried before him, which had not been tendered within the time limit specified in the 1931 amendment. The peremptory writ sought was denied because the relator had failed to tender the proposed bill of exceptions within the time fixed by statute. In *State v. Terwilliger,* supra, a motion was filed by the state to strike from the files in that case the bill of exceptions, on the ground that the same had not been presented to the trial court within sixty days after the entry of judgment or within such further time as was granted by order of the court. After reviewing the history of these amendments to the statute relating to the tendering of a bill of exceptions, the court allowed the motion to strike the bill of exceptions from the files, for the reason that the 1931 amendment of § 2-703, Oregon Code 1930, required the same to be tendered within sixty days from the date of entry of judgment, or such time as might be specified by order of the court upon application made within the said sixty days.

■ Based upon the 1931 amendment and the three cases last above cited, we hold that it is mandatory upon a litigant seeking to have a bill of exceptions settled by the trial judge to tender the same within sixty days after the entry of the judgment or within such further time as may be granted by order of the court upon application for such extension made during the said period of sixty days or within any extension of time that may have been granted. In so holding we are only giving effect to the manifest intent of the legislature.

The rule of the circuit court for the third judicial district, which includes Marion county, requires that "parties seeking bills of exceptions must prepare their

proposed bill and serve a copy of the same on the opposing counsel and present the original to the presiding judge within ten days after the entry of judgment". The evident purpose of this rule is to require proposed bills of exceptions to be served upon opposing counsel before they are presented to the court for settlement. No such proposed bill was served on the attorneys for the defendant until more than two years after the entry of judgment.

■ This court has held in numerous instances that rules made by the courts for the proper conduct of their business, in so far as they do not contravene the provisions of the constitution or statute, have the effect of law and are as binding upon courts and litigants as are statutes: *Oxman v. Baker County,* 115 Or. 436 (234 P. 799, 236 P. 1040) ; *Bratt v. State Industrial Accident Commission,* 114 Or. 644 (236 P. 478) ; *Coyote G. & S. M. Co. v. Ruble,* 9 Or. 121.

■ In *Ptack v. Strong,* 121 Or. 688 (257 P. 19), this court expunged from the record a bill of exceptions which had been allowed and settled by the trial court but which had not been tendered within the time provided by the rule of that court. In that case the rule required that the proposed bill of exceptions be served on the opposing counsel and presented to the trial judge within twenty days after the entry of judgment. The court held that there was nothing in the record indicating that the enforcement of the rule was unreasonable or would deprive the appellant, without any fault on his part, of the right to have the bill of exceptions certified. This decision was followed in *Student v. Goldapp,* 124 Or. 102 (259 P. 207).

In *Oxman v. Baker County,* supra, the trial court *ex parte* signed and settled the bill of exceptions after

lapse of the time provided by rule of court for its presentation. This court there reviewed authorities from many jurisdictions and observed:

"The circuit court was bound by its own rules which it had made, not only for the government of appellants, but also for the protection of respondents whose rights are equally important with those of their adversary. Under such circumstances it was without power after the expiration of the time prescribed by those rules, arbitrarily and without notice to enlarge the time for filing the bill. In the presence of such conditions it is inherently void on its face and should be stricken out of the record here."

Rule 15 of the circuit court for Marion county, in requiring a bill of exceptions to be presented within ten days after the entry of judgment, is in seeming conflict with, and must yield to, the statute as amended in 1931. Otherwise, it does not contravene any constitutional or statutory provision. The requirement of service of the proposed bill of exceptions before the same is settled is reasonable and in accord with the general practice. The action of the trial court, therefore, in signing the certificate to the transcript of testimony, assuming that such transcript constituted a sufficient bill of exceptions (*Stark v. State Industrial Accident Commission,* 103 Or. 80 (204 P. 151), without prior service of a copy thereof upon opposing counsel, was contrary to the rules of that court and the said transcript was properly expunged from the record in this court.

■ The later document designated as a bill of exceptions, which had attached thereto a copy of the transcript of testimony, was not, as already stated, served upon the opposing counsel, nor was the original thereof presented to the trial court, until more than two years

after the entry of the judgment and long after the expiration of the time provided by law. It is, however, contended by the appellant that appeals from the circuit court to the supreme court in proceedings of the nature of the one at bar, in which a workman has appealed from the order of the Industrial Accident Commission relating to his alleged injuries, should be governed by the rules referring to appeals in equity cases from the circuit court to this court. In support of this argument we are directed to the case of *Raney v. State Industrial Accident Commission*, 85 Or. 199 (166 P. 523), wherein the court remarked:

"The state industrial accident commission not being a judicial tribunal, a re-examination of any of its final determinations by a circuit court is inaugurated by procedure in the nature of a writ of review. When jurisdiction of the cause has thus been secured, it is to be tried *de novo* as upon an appeal, where the facts involved may be considered and determined by a jury in the discretion of the court, thus showing that evidence may be given at such hearing."

The court had under consideration § 32, chapter 112, Laws 1913, relating to appeals in such cases. Since that time the statute regarding appeals in cases involving the workmen's compensation act has been materially changed. At the time of the occurrence of the accident which gave rise to this litigation, § 49-1843, Oregon Code 1930, in reference to appeals provided that:

"* * * Such appeal shall be perfected by filing with the clerk of the court a notice of appeal *in the form of a complaint as provided in civil actions at law* [italics ours]. * * * The case thereafter shall proceed as other civil cases in said court; provided, that either party thereto may demand a jury trial upon any question of fact. * * *

"* * * In case of any trial of fact by a jury the court shall be bound by the decision of the jury as to the question of fact submitted to it. * * *

"Appeals may be taken from the judgment of the circuit court as in other cases. * * *"

The notice of appeal in the case at bar is to the effect that the plaintiff is appealing from the judgment of nonsuit entered by the circuit court.

This court in the case of *Paul v. State Industrial Accident Commission,* 127 Or. 599 (272 P. 267, 273 P. 337), in referring to the nature of appeals from orders of the commission, said:

"Plaintiffs have presented a very sincere petition for rehearing. First, they claim that the case should be treated as one of equity cognizance; that the jury's verdict was advisable only and that the instructions should be limited to matter controlling the answer to the questions submitted to the jury. The statute provides that the case shall be tried on an appeal in the circuit court as other cases are tried there. Either party has a right to demand a jury and 'that in case of any trial of fact by a jury the court shall be bound by the decision of the jury as to the question of fact submitted to it.' Or. L., § 6637. It is our opinion that the rules of trial at law must prevail in appeals from the accident commission to the circuit court. The action is in the nature of a special proceeding, and the verdict of the jury corresponds to a special verdict of the jury in other law actions. The court is bound by the findings of the jury to the same extent that it is in all law actions."

There are several Oregon precedents holding that the verdict of a jury on questions properly submitted to it under the workmen's compensation law is, if there is any competent evidence to support it, binding on this court: *Farrin v. State Industrial Accident Commission,* 104 Or. 452 (205 P. 984); *Brothers v. State In-*

*dustrial Accident Commission,* 139 Or. 658 (12 P. (2d) 302). It has further been held that in cases tried by the court without a jury the findings of fact have the effect of a verdict and can not be set aside by this court on appeal, if there is any competent evidence to support them: *Stark v. State Industrial Accident Commission,* supra; *Anderson v. State Industrial Accident Commission,* 107 Or. 304 (215 P. 582).

In the case at bar the question attempted to be raised by the plaintiff on this appeal is that the trial court erred in directing the jury to return a verdict in favor of the defendant. The issue tried in the circuit court was whether or not the plaintiff's husband was, at the time he was injured, engaged in a hazardous occupation automatically covered by the workmen's compensation act. So far as that feature of the trial is concerned, it does not differ from any ordinary action at law. It has none of the characteristics of a suit in equity.

We hold that in appeals from the circuit court to this court in cases of this nature, involving the workmen's compensation act, the rules of procedure governing actions at law apply, and that in order for this court to pass upon the question of whether or not the trial court erred in granting the defendant's motion for an involuntary nonsuit it would be necessary for this court to review the testimony and proceedings, which could be done only by means of a bill of exceptions as in other law actions. The procedure on appeal in suits in equity is not applicable.

■ The later document filed by the appellant in this court and designated as a bill of exceptions was not tendered to the clerk of the circuit court within the time limited by § 2-703, supra, as amended in 1931, and there-

fore the same is expunged from the record here: *State v. Terwilliger,* supra; *State ex rel. v. Stapleton,* supra.

■ The only remaining questions which plaintiff could raise on this appeal, in the absence of a bill of exceptions, are those going to the jurisdiction of the trial court and whether or not the complaint stated facts sufficient to constitute a cause of action. And since neither of those questions is urged the judgment appealed from must be, and hereby is, affirmed.

RAND, C. J., and BEAN and CAMPBELL, JJ., concur.