Motion to strike bill of exceptions allowed July 7; rehearing denied
September 10, 1936; argued on the merits February 17;
affirmed March 9; rehearing denied April 13, 1937

## BIRD *v.* ELLINGSWORTH

(59 P. (2d) 261, 65 P. (2d) 674)

*George S. Shepherd*, of Portland, for appellant.

*Cookingham & Hanley* and *Glen McCarty*, of Portland, for respondent.

CAMPBELL, C. J. This cause is an action at law in which judgment was entered in favor of plaintiff-respondent on October 18, 1935. No bill of exceptions was tendered or served within the 60 days thereafter. On January 2, 1936, appellant filed a motion in the trial court asking for an extension of time in which to file and present such bill of exceptions. The trial court took the matter under advisement and, on February 1, 1936, made the following order:

"It duly appearing that the judgment in this cause was entered October 18, 1935, and notice of appeal, together with undertaking on appeal were served on plaintiff by defendant and were filed in this Court on December 13, 1935, and the transcript of the testimony and other proceedings duly certified by Fred M. Rose, official reporter of this Court and in this cause upon plaintiff's attorneys December 23, 1935, and application having been made on January 2, 1936, to extend the time within which the bill of exceptions may be tendered and certified, and the court desiring that all matters may be presented to the Supreme Court including the effect of Section 2-703 Oregon Code and amendments on the discretion of the Court, and for good cause shown, and in the exercise of the discretion of the Court,

IT IS ORDERED that the time within which defendant may serve and tender the bill of exceptions is extended to include February 1, 1936, and the transcript of testimony and other matters material to the appeal filed in this cause December 23, 1935, hereby is certified as

a correct transcript of the testimony and as the bill of exceptions in this cause."

■ On June 5, 1936, respondent filed a motion in this court to strike the bill of exceptions from the records herein on the ground that said motion was not filed within the time limited by Oregon Code 1930, § 2-703, as amended by chapter 49, Oregon Laws 1931.

This court has had occasion to interpret said section, the most recent interpretation of which is found in *Hart v. State Industrial Accident Commission,* 148 Or. 892 (38 P. (2d) 698). It was therein held that it was mandatory that the application and order for extension of time be made before the applicant is in default. Based on that authority, the motion to strike will be allowed.

It is so ordered.

---

Argued on the merits February 17; affirmed March 9; rehearing denied April 13, 1937

On the Merits

(65 P. (2d) 674)

*George S. Shepherd,* of Portland, for appellant.

*Leo J. Hanley,* of Portland (Cookingham & Hanley and Glen McCarty, all of Portland, on the brief), for respondent.

CAMPBELL, J. This is an action by plaintiff, wife of one Clifford Bird, against defendant, her mother-in-law, for alienation of the affections of her husband.

Plaintiff alleges, in effect, that she and Clifford Bird were married in the city of Seattle, Washington, on September 9, 1930, and, at the time of the filing of the complaint herein, were husband and wife; that two children, William Joe Bird and Patricia Joy Bird, were born of this marriage; that shortly after the marriage of plaintiff, the defendant wrongfully and wantonly and maliciously persuaded plaintiff's husband to leave home and abandon her and her children and to continue to live separate and apart from them; that by reason of the wanton and malicious influence and conduct of defendant, plaintiff's husband failed to perform his duties as a husband to her and as a father to their children; that through the acts of defendant, plaintiff has been deprived of the love, society, assistance and support of her husband, and her children have been deprived of the care, protection, and support of a father; and prayed for general and punitive damages.

To this complaint, defendant timely filed a motion to make the complaint more definite and certain. This motion asked that plaintiff set out what acts or mode or means defendant employed to alienate the affections of the husband of plaintiff; the time and place such acts were done; the kind and character of the influence used by defendant; when plaintiff's husband became estranged from plaintiff; in what manner the plaintiff failed to perform his duties as a husband and father; and what the malicious acts of the defendant consisted of whereby plaintiff was deprived of the love, society, assistance and support of her husband.

This motion was denied.

Thereafter defendant filed an answer consisting of a general denial.

The cause was tried to the court without a jury who made findings of fact and conclusions of law in favor of plaintiff, and entered judgment thereon. Defendant appeals.

The appellant contends that a wife has no cause of action in this state for the alienation of her husband's affections.

■ In the case of *Keen v. Keen,* 49 Or. 362 (90 P. 147, 10 L. R. A. (N. S.) 504, 14 Ann. Cas. 45), this court held that a wife may recover in an action for the alienation of the affections of her husband. That decision has never been overruled or modified by any subsequent decision of this court, and we hereby follow and approve the holding in that case. And see *Roberts v. Cohen,* 104 Or. 177 (206 P. 293). That an action may be maintained by the wife for the alienation of her husband's affections, see *Burch v. Goodson,* 85 Kan. 86 (116 P. 216), and reported in Ann. Cas. 1912C, 1181, and the note thereto.

Defendant contends that the complaint is insufficient to maintain this action inasmuch as it only states ultimate facts and should set out with particularity wherein and how the defendant alienated the son's affections from the wife.

■ The complaint in the instant case alleges the fact of marriage, the requisite intent of defendant, and that the defendant maliciously caused plaintiff's husband to leave plaintiff and therefore deprive her of the "comfort, society and assistance" of her husband. Such a complaint, in an action for alienation of affections, is sufficient.

In the case of *French v. Deane,* 19 Colo. 504 (36 P. 609, 24 L. R. A. 387), an action for the alienation of affections, the plaintiff alleged that the defendant obtained an improper influence over the wife of plaintiff, and by means of the improper influence, defendant enticed the plaintiff's wife from him, depriving him of the comfort, society and assistance of his wife; that he suffered damages thereby. The court held:

"Whether the present action be treated as one for enticing the wife away or for seduction, it is sufficient in either event to allege in the complaint the ultimate facts, without a statement of the arts made use of to accomplish the illegal purpose. Brown v. Kingsley, 38 Iowa 220; Hodges v. Bales, 102 Ind. 494; Rees v. Cupp, 59 Ind. 566."

This rule of pleading was approved in *Williams v. Williams,* 20 Colo. 51 (37 P. 614).

In the case of *Warnock v. Moore,* 91 Kan. 262 (137 P. 959), the court held:

"It was enough for plaintiff to plead the ultimate facts as to the alienation of her husband's affections by the defendant, and the acts done and the artifices used to accomplish the alienation are not required to be pleaded; indeed, these are largely matters of evidence by which the ultimate facts are to be proved."

In the case of *Reavely v. Harris,* 145 Ill. App. 545, judgment affirmed in 239 Ill. 526 (88 N. E. 238), the allegations of the complaint were similar to the ones in the instant case. The court held that:

"The rule of pleading applicable in such cases seems to be that the pleader need not specifically aver the means used by the defendant to effect the wrongful alienation of the affections of the plaintiff's husband or wife, but that an averment of the ultimate fact is sufficient." Citing Williams v. Williams, *supra.*

■ In 30 C. J. 1133, the general rule is stated thus: "A statement of the ultimate facts of the alienation is sufficient without pleading the acts done or the arts used to accomplish the purpose." It is sufficient if the complaint sets out the fact of marriage, the requisite intent or malice, and the loss of consortium: 30 C. J. 1133.

In *Jenkins v. Chism,* (Ky.) 76 S. W. 405, a complaint that did not set out the particular acts by which the alienation was accomplished, was held good.

In 13 R. C. L. 1464, the general rule as before quoted, is followed therein, citing the Colorado case of *French v. Dean,* supra, with the further statement that the "rule is fully applicable where the action is against the parent." Citing note in Ann. Cas. 1912C, 1181; *Gross v. Gross,* 70 W. Va. 317 (73 S. E. 961, 39 L. R. A. (N. S.) 261).

Section 1-602, Oregon Code 1930, provides:

"The complaint shall contain:

  *   *   *   *   *

"2. A plain and concise statement of the facts constituting the cause of action, without unnecessary repetition; * * *"

Counsel for appellant cites and relies on section 233, Bates' Pleading, Practice, Parties & Forms (4th Ed.), which reads as follows:

"The first pleading shall be the petition by the plaintiff which must contain:

1. A statement of the facts constituting the cause of action in ordinary and concise language, * * *"

Section 1-602, supra, and section 233 of Bates' Pleading, etc., enunciate the general rule in regard to complaints. However in section 1906, p. 1721, Bates'

Pleading, etc., we find the rule in regard to complaints in actions for alienation of affections thus:

"A wife can sue for alienation of the husband's affection, resulting in loss of conjugal society.  *  *  * The acts and artifices used to effect the alienation and separation of spouses, or the manner or the particular words of flattery, misrepresentation or advice, or the inducements, need not be set out, but only the ultimate facts of alienation and separation and its accomplishment by words and conduct."

"The complaint must set forth the essential facts consisting of the marriage relation, the loss of affection, society and aid of the plaintiff's spouse and that this was accomplished by the intentional wrongful or malicious conduct of the defendant. It is sufficient to plead the ultimate facts as to the alienation of affections; the acts done and the artifices used to accomplish the alienation are not required to be pleaded since they are largely matters of evidence." 3 Bancroft Code Pleading, 2501, section 1524.

To the same effect see: 2 Abbott's Forms of Pleading (3d Ed.), 1486; 3 Sutherland's Code Pleading, Practice & Forms, section 4022.

The case of *Sheard v. Oregon Electric Railway Company,* 137 Or. 341 (2 P. (2d) 916), cited by counsel for appellant, distinguishes between an action for alienation of affections, and an action by a wife for the death of her husband caused by the negligence of another.

The judgment of the circuit court will be affirmed.

It is so ordered.

BEAN, C. J., and BAILEY and RAND, JJ., concur.