Motion for order relieving plaintiff from failure to file transcript within required time denied November 16, 1943; appeal dismissed on motion of appellant June 1, 1944.

## WILLIAMS *v.* RAGAN ET UX.

### (143 P. (2d) 209)

Before BAILEY, Chief Justice, and BELT, ROSSMAN, KELLY, LUSK, BRAND and HAY, Associate Justices.

*Kneeland, Smith & Pipes,* of Portland, for appellant.
No appearance for respondent.

LUSK, J.

In this action at law the appellant (plaintiff in the court below) has filed a motion supported by the affidavit of one of her attorneys "for an order relieving appellant from her failure to file transcript of testimony with the County Clerk of Multnomah County, Oregon, within the time required by law and the rules of this Court, and the failure to obtain an acknowledgment of service of a carbon copy of such transcript of testimony upon the attorneys for respondents, on the ground that the said failure was due to a mistake and excusable neglect from which the appellant desires relief under the provisions of Chapter 119 of Oregon Laws of 1943."

The record before us shows that upon the trial the court granted the respondents' motion for a judgment of nonsuit, and that such judgment was entered in the journal on June 21, 1943, and docketed on the following day; that, on August 18, 1943, notice of appeal was served upon counsel for the respondents and filed in the circuit court, and on August 27, 1943, an undertaking on appeal was served upon counsel for the respondents and filed in the circuit court.

On September 29, 1943, there was filed in the office of the clerk of this court a duly certified transcript of the judgment, notice of appeal and undertaking, all as prescribed by § 2, Ch. 119, Oregon Laws 1943 (being an amendment of § 10-807, O. C. L. A.), accompanied by a transcript of testimony, to which are attached a certificate of the official reporter who reported the case, and a certificate of the trial judge that the transcript of testimony and "the exhibits therein identified, and objections made and rulings given thereon, are a true and correct record of the proceedings before me in said cause having any bearing on the motion for a nonsuit." The transcript of testimony bears the filing mark of the county clerk of Multnomah County, indicating that it was filed in his office on September 28, 1943. There is nothing to show that that document was presented to the clerk before that day.

Section 5-703, O. C. L. A., provides in part:

"A proposed bill of exceptions may be tendered by presenting it to the clerk of the court within sixty (60) days after the entry of the judgment or decree, or within such further time as may be granted by order of the court if application is made during the said period of sixty (60) days or within any extension that may be granted."

■ It is now settled by the decisions of this court that the foregoing requirement is mandatory, and the circuit court has no power to settle a bill of exceptions which is not presented to the clerk of the court within the time specified in the statute. *Hart v. State Industrial Accident Commission*, 148 Or. 692, 700, 38 P. (2d) 698; *State ex rel. v. Stapleton*, 139 Or. 402, 10 P. (2d) 600; *Bird v. Ellingsworth*, 156 Or. 103, 105, 59 P. (2d) 261, 65 P. (2d) 674. In *State ex rel. v. Leonard*, 164 Or.

579, 94 P. (2d) 1113, 102 P. (2d) 197, 129 A. L. R. 1125, this construction of the statute was reaffirmed, but a motion to expunge the bill of exceptions from the record was denied because the bill had been presented to the clerk within an extension of the time granted by order of the court within the sixty day period.

No extension of time for presenting the bill of exceptions appears to have been granted in this case, and, as far as we are advised by the record before us, the proposed bill of exceptions was not presented within the required time. The motion of the appellant carries with it an implied admission that that is the fact, because it asks the court to grant relief from the failure to comply with the statute under the provisions of Ch. 119, Oregon Laws 1943. Section 1 of that chapter is an amendment of § 10-803, O. C. L. A., relating to appeals, and in part reads as follows:

"A party to a judgment, decree or final order or any order from which an appeal may be taken in any action, suit or proceeding, desiring to appeal therefrom, or some specified part thereof, may by himself or attorney give notice in open court, or before the judge if the order, judgment or decree be rendered or made at chambers, at the time said judgment, decree or order is made, that he appeals from such decision, order, judgment or decree, or from some specified part thereof, to the court to which the appeal is sought to be taken; and such notice thereupon shall, by order of the court or judge thereof, be entered in the journal of the court. If the appeal is not taken at the time the decision, order, judgment or decree is rendered or given, then the party desiring to appeal may cause a notice, signed by himself or attorney, to be served on such adverse party or parties as have appeared in the action or suit, or upon his or their attorney, at any place where he or they may be found and

file the original, with proof of service indorsed thereon, with the clerk of the court in which the judgment, decree or order is entered. Such notice shall be sufficient if it contains the title of the cause, the names of the parties and notifies the adverse party or his attorney that an appeal is taken to the supreme or circuit court, as the case may be, from the judgment, order or decree, or some specified part thereof. *Upon notice of appeal being given, as herein provided, and entered in the journal of the court or filed with the clerk of the court, as the case may be, the appellate court shall have jurisdiction of the cause and not otherwise. After the appellate court has acquired jurisdiction of the appeal in the manner hereinabove provided, the omission of a party to perform any of the acts herein required or within the time required shall be a cause for dismissal of the appeal, and the appellate court may, on motion of the respondent, dismiss the appeal; provided, however, the appellate court shall, upon good cause shown, relieve a party from his failure to comply with any of such provisions and may permit an amendment or performance of such act on such terms as may be just; provided further, however, that failure of appellant to perform any of the acts herein required within the time required shall constitute an abandonment of the appeal, unless the appellant shall, with the consent of the appellate court or a judge thereof for good cause shown, within 30 days after service of notice of such failure, perform such act or acts.''* (The italicized language is new; otherwise the section as quoted has not been changed.)

■ Although neither the motion nor the affidavit refers to the specific provision of Ch. 119, under which the appellant seeks relief, we assume that her counsel must have had in mind the proviso which authorizes the appellate court for good cause shown to "relieve a party from his failure to comply with any of such

provisions" and to "permit an amendment or performance of such act on such terms as may be just". The question, therefore, is what are the acts comprehended in "such provisions"? Specifically, is the act of presenting a proposed bill of exceptions to the clerk of the circuit court included among them?

By the terms of the amended statute, this court acquires jurisdiction of the cause upon notice of appeal being given in open court, or entered in the journal of the court, or filed with the clerk of the court; and thereafter "the omission of a party to perform any of the acts herein required or within the time required shall be a cause for dismissal of the appeal". Obviously, therefore, the appellate court has been empowered to relieve from a failure to perform any of the acts "herein required" or to perform them "within the time required". These acts include the serving and filing of an undertaking, Subd. 2, § 1, Ch. 119, Oregon Laws 1943; the filing with the clerk of this court of a transcript, and in equity cases where the cause is to be tried anew, the filing of the testimony with the transcript, § 2, Ch. 119, Oregon Laws 1943.

■■ They do not, in our opinion, include the presentation of a bill of exceptions to the clerk of the circuit court, which has never been considered a step in the procedure for conferring jurisdiction on this court, although a proper bill of exceptions is essential if a party appealing desires a review of rulings on evidence or on a motion for a nonsuit or directed verdict. See *Wallowa Law, Land & Abstract Co. v. McGaffee,* 160 Or. 298, 84 P. (2d) 1116, and cases cited in the notes to § 5-703, O. C. L. A.

The absence of a bill of exceptions has never been deemed a ground for dismissal of an appeal: *Wein-*

*stein v. Wheeler,* 127 Or. 406, 409, 257 P. 20, 271 P. 733, 62 A. L. R. 574; *Meaney v. State Industrial Accident Commission,* 113 Or. 371, 374, 227 P. 305, 232 P. 789; but if it were to be held that failure to present a proposed bill within time is included among the delinquencies which this court has been authorized to relieve against, then it would appear that the legislature, while adopting a provision manifestly intended to liberalize procedure on appeal, has actually added to the difficulties of litigant and lawyers by making the failure to secure a bill of exceptions a ground for dismissal.

We believe that the reasons for the changes effected by the 1943 amendment are well understood by the profession. Prior thereto the statute providing for the filing of a transcript on appeal (§10-807, O. C. L. A.) read as follows:

> "Upon the appeal being perfected the appellant shall, within 30 days thereafter, file with the clerk of the appellate court a transcript or such an abstract as the law or the rules of the appellate court may require of so much of the record as may be necessary to intelligibly present the question to be decided by the appellate tribunal, together with a copy of the judgment or decree appealed from, the notice of appeal, and proof of service thereof, and of the undertaking on appeal; &ast; &ast; &ast; and after compliance with the provisions hereof the appellate court shall have jurisdiction of the cause, but not otherwise. &ast; &ast; &ast; "

By § 2 of the 1943 amendment this statute was changed so as to read as follows:

> "Upon the appeal being perfected the appellant shall, within 30 days thereafter, file with the clerk of the appellate court a transcript, which shall consist of a copy of the judgment or decree appealed from, of the notice of appeal, with proof of service

thereof, and of the undertaking on appeal, with proof of service thereof, and copy of all orders extending time for filing the transcript, all duly certified by the clerk of the county from which the appeal is taken, and such other papers as shall be required by the rules of the supreme court  *  *  *''

Under the mandatory last clause of the former legislation, ''and after compliance with the provisions hereof the appellate court shall have jurisdiction of the cause, but not otherwise'', this court has at times found it necessary to dismiss appeals for a failure strictly to comply with its provisions, even though the omission was not properly chargeable to the party or his attorney. See the recent case of *Schaefer v. Montgomery, Ward & Company*, 167 Or. 679, 120 P. (2d) 235, in which the prior decisions on this point are reviewed. It was not a matter of satisfaction either to litigants, attorneys, or to this court that a party desiring to have a cause reviewed on the merits should be deprived of that right because, perhaps, of the inadvertence of a clerk in failing to copy into the transcript the return of service of the notice of appeal, and we think that the principal reason for the adoption of the 1943 amendment was to prevent a recurrence of possible injustices which may have resulted from the operation of the statute as it had theretofore read. Under the existing legislation the failure to file a transcript within the time or in the exact manner prescribed, may be a cause for dismissal of the appeal, but it is not necessarily so, provided good cause for the omission is shown. The court may also relieve from the failure to file an undertaking within the time or to file a proper undertaking. This power it has always assumed to exercise, and in that regard no substantial change has been made, the main object

intended to be accomplished by the amendment being that which we have indicated.

It may be that similar provisions with regard to the bill of exceptions would be desirable, but that is a matter for the legislature, not the courts; and in the present state of the law we are without the power to grant the relief sought.

A suggestion in the affidavit, supporting the motion that no bill of exceptions is required in this case because it was not necessary to take exception to the ruling on the motion for a nonsuit, will be noticed.

Under the earlier practice exceptions were required to be taken to all rulings other than a "decision upon a matter of law, when the same is entered in the journal, or made wholly upon matters in writing and on file in the court", § 172, Oregon Laws (Olson 1920). Later it was provided that "no exception need be taken to any ruling upon an objection to the admission of evidence, offered in the course of a trial or hearing, but the question put or other offer of evidence, together with the objection thereto and the ruling thereon, shall be entered by the court, judge, referee or commissioner, or by the stenographer, if one is in attendance, in the minutes of the trial or hearing, and such entry shall import an exception by the party against whom the ruling was made." General Laws of Oregon 1925, Ch. 50, § 1; § 2-704, Oregon Code (1930). In 1941 the section was again amended by Ch. 257, Oregon Laws 1941, and it now reads:

"No instruction given to a jury shall be subject to review upon appeal unless its error, if any, was pointed out to the judicial officer who gave it and unless a notation of an exception was made in the circuit court. It shall be unnecessary to take excep-

tion to any other ruling made in the circuit court. All adverse rulings except those contained in instructions given shall import an exception in favor of the party against whom the ruling was made. The statement of the exception, when settled .and allowed, shall be signed by the judge and filed with the clerk and thereafter it shall be deemed and taken to be a part of the record of the cause.''

■■ The foregoing statute does not abolish exceptions, but merely relieves a party from the necessity of going through the ritual of taking an exception unless the ruling complained of is an instruction given to the jury. We think that these changes have been adopted in the interest of a simplified practice, upon the assumption that when upon the trial a party has asked for a ruling, either by a request for an instruction, or by offering or objecting to evidence, or moving to strike evidence, or in any other way, and the ruling is adverse, his dissatisfaction is manifested to the trial judge without the use of the formula ''I except'', and likewise the trial judge is sufficiently advised of such party's position upon the question in controversy. But with respect to instructions given by the court, these considerations do not apply, because the first opportunity which ordinarily arises to object in such an instance comes after the instruction has been given, and in that case the only means open to the party either of obtaining a correction at the hands of the trial judge or of laying the foundation for a record on appeal is by a formal exception to the instruction. These matters, however, have nothing to do with the question of the necessity of bringing a bill of exceptions to this court, if it is desired to review rulings on evidence or on a motion for a nonsuit or a directed verdict. The practice in that regard was not changed by the amendment which made

it unnecessary to take an exception to a ruling on an objection to evidence, and it remains the same notwithstanding the present statute, under which the only ruling to which an exception need be taken is an instruction given by the court. The law now imports the exception which once had to be taken in a formal manner, and that is the only change which has been effected.

The motion is denied.