# IN THE OREGON TAX COURT

## BRENNER
*v.*
## DEPARTMENT OF REVENUE
(TC 1809)

Steven M. Cyr, Portland, represented plaintiff.

Ted E. Barbera, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Opinion and Order for plaintiff rendered July 19, 1982.

## CARLISLE B. ROBERTS, Judge.

Plaintiff appealed from the defendant's Order No. I 82-25, dated February 26, 1982, which denied plaintiff's appeal from the adjustment of plaintiff's táxable income for the tax years 1976 through 1978, based upon the results of an "indirect methods audit" by the defendant's Audit Division.

In an opinion dated February 26, 1982, the Department of Revenue assessed to plaintiff an income tax deficiency of $4,589.98, including interest. On May 5, 1982, the Tax Court Clerk received plaintiff's complaint, challenging the assessment, in an envelope bearing the postmark date April 30, 1982. At the same time, the court received a hardship petition from plaintiff, requesting exemption from 1982 Or Laws ch 29, § 2, which requires prepayment of the income tax assessed and all penalties and interest, prior to or with the filing of a complaint in the Tax Court.

The defendant's answer was filed on June 3, 1982. It contained admissions and denials to plaintiff's several claims for relief and ended with two affirmative defenses, followed by the prayer. The affirmative defenses pleaded were that (1) plaintiff had failed to pay the alleged tax deficiency before filing of his complaint as required by 1982 Or Laws ch 29, § 2; and (2) that plaintiff's complaint was not timely filed in the Tax Court.

A Tax Court hearing was held on July 8, 1982, at which time the parties, at the court's request, presented testimony and oral argument regarding the affirmative defenses only. After a presentation of evidence, the court ruled from the bench that payment of the tax before trial on the merits would cause plaintiff undue hardship and that he would be relieved from that requirement. This opinion addresses the second affirmative defense, the issue being whether plaintiff's complaint was timely filed.

Tax Court filing requirements have been established by statute and court rules. ORS 305.560(1) provides that appeal from an order of the Department of Revenue to the Tax

Court is accomplished by taxpayer's filing a complaint "within 60 days after a copy of the order or notice has been served upon the appealing party by mail * * *."

The Department of Revenue "serves" the order by sending a copy of the order to the taxpayer by certified mail. ORS 306.805(1). In this case, service occurred on February 26, 1982. The sixtieth day after service (the date by which filing must occur under ORS 305.560(1) was April 27, 1982.

The complaint in this suit was "filed" in the Tax Court on the date shown by the post office cancellation mark stamped upon the envelope containing it. ORS 305.418(1). The cancellation date appearing on the envelope containing the complaint filed in the present case was April 30, 1982.

Tax Court Rule ORCP 10 C. provides that when a party has a right or is required to do some act or take some proceeding within a prescribed period after the service of a notice or other paper by mail, three days shall be added to the prescribed period if necessary to prevent late filing. This rule was a direct adoption (with the exception of the language "if necessary to prevent late filing") of Oregon Rules of Civil Procedure ORCP 10 C. as it then existed. (ORCP 10 C. was amended in 1981 to omit service of summons from its coverage.) Application of the rule would extend the filing deadline in the present case by three days, to April 30, 1982, the date on which plaintiff's complaint is recognized as having been filed in the Tax Court.

The Oregon Rules of Civil Procedure, including ORCP 10 C., have been codified as a part of Oregon law. They "govern procedure and practice in all circuit and district courts of this state * * *" and "* * * in all civil actions and special proceedings * * * to the extent they are made applicable to such courts by rule [ORCP] or statute." ORCP 1 A. No rule or statute makes the Oregon Rules of Civil Procedure expressly applicable to the Oregon Tax Court.[1] To the contrary, Tax Court proceedings are to be conducted in accordance with the rules of practice and procedure promulgated by the Tax Court, "* * * which, except with respect to the small claims division, shall conform, as far as practical to the rules of equity practice and procedure in this state." ORS

---

[1] The drafters excluded the Tax Court from the coverage of the rules because the Tax Court is deemed to have its own rule-making powers. ORS 305.425(3).

305.425(3). The Tax Court has sought to conform its rules to those established by ORCP, where practicable, and it has expressly adopted the former ORCP 10 C. as its own rule, with the changes noted above.

 Unlike the Oregon Rules of Civil Procedure, the rules of the Tax Court have not been codified in the Oregon Revised Statutes. Even so, they have the effect of law, insofar as they do not contravene constitutional or statutory provisions. *Hart v. State Ind. Acc. Comm.,* 148 Or 692, 38 P2d 698 (1934). If a conflict is found, the statute must control. *Moberg et al v. Baker et ux,* 217 Or 551, 307 P2d 759 (1959). In examining potentially conflicting provisions, the rules of procedure and statutes should be harmonized whenever possible and read in conjunction with each other. *Phoenix of Hartford v. Harmony Restaurants,* 114 Ariz 257, 560 P2d 441 (1977). In this case, the defendant contends that Tax Court Rule ORCP 10 C. unlawfully extends the 60-day period for appeals to the Tax Court specified in ORS 305.560(1), by three days.

The defendant is correct. Tax Court Rule ORCP 10 C. conflicts with and must give way to the express time limitation of ORS 305.560. No harmonization of the two provisions is possible.

█ In this case, however, other considerations are present. In filing his appeal to the Tax Court, the plaintiff was entitled to rely upon the court's procedural rules as written. *Capital Industrial Bank v. Strain,* 166 Colo 55, 442 P2d 187 (1968). The Oregon Supreme Court and this court have often held a tax administrator estopped from enforcing a statute because of his incorrect advice to or incorrect instruction of a taxpayer through inadvertence or error. *See Liquid Air, Inc. v. Dept. of Rev.,* 8 OTR 159, 167, 170 (1979). In the court's view, based on such precedents, it would be unfair to bar plaintiff from court because he proceeded according to an invalid court rule. The 60-day time limitation of ORS 305.560 is not jurisdictional in and of itself (ORS 305.425). In the interest of fairness, in this situation which was never contemplated by the relevant statutes, it is proper for the court to exercise its discretion and overlook the late filing, permitting the parties to proceed to the merits of this case.[2]

---

[2] Defendant is not precluded from filing a distraint warrant pursuant to ORS 314.430, to preserve its place in relation to plaintiff's other creditors (with instructions to the sheriff not to execute the warrant until further notice).

The court, now being fully advised, finds that the Oregon Tax Court's Rule 10 C. is void and without effect[3] (as an attempted regulation which is contrary to the controlling statute) and it is, therefore,

ORDERED that the plaintiff shall not be required to comply with the requirements of 1982 Or Laws ch 29, § 2, for the purposes of this suit, because of undue hardship, and defendant's first affirmative defense should be and hereby is dismissed; and it is further

ORDERED that plaintiff's complaint shall be deemed timely filed for purposes of this suit and defendant's second affirmative defense should be and hereby is dismissed; and it is further

ORDERED that the Clerk of the Tax Court shall consult with counsel to set a date for trial on the merits at such date as is feasible.

---

[3] The court will seek to give public notice of the void status of Rule 10 C. Because of budgetary constraints, it can be expected that there will be some delay in the publication of this opinion.