ORDER GRANTING DEFENDANT'S MOTION TO STRIKE COMPLAINT; MOTION TO DISMISS AMENDED COMPLAINT
This matter is before the court on Defendant's (taxpayer) Motion to Strike Complaint; Motion to Dismiss Amended Complaint. Oral arguments were heard by telephone on July 26, 1999, with Douglas M. McGeary appearing for Plaintiff (the county) and James A. Dreyer appearing for taxpayer.
The facts are undisputed. On February 10, 1999, a magistrate issued a written decision in Brown v. Jackson County Assessor,
OTC-MD 982848D. On February 22, 1999, a motion for reconsideration was filed and was denied by order dated March 4, 1999. On April 12, 1999, a Complaint was filed in the Regular Division entitled Jackson County Assessor v. Sandra Brown.
However, this Complaint was signed by an employee of the assessor's office who is neither an attorney nor an appropriate party. On April 26, 1999, the county filed an Amended Complaint signed by county counsel.
Taxpayer has moved to strike the first Complaint on the ground that it is a nullity because it was not signed by an attorney who is a member of the Oregon State Bar. The county acknowledges that the person who signed the Complaint was not an attorney and makes no claim for any validity of the Complaint.
Taxpayer moves to dismiss the Amended Complaint on the ground that it was not timely filed.
ORS 305.501(5)(a)[1] provides in part:
 "Any party dissatisfied with a written decision of a magistrate may appeal the decision to the judge of the tax court by filing a complaint in the regular division of the tax court within 60 days after the date of mailing of the decision.
"* * * * *
 "(7) If no appeal is taken to the tax court judge within 60 days, the decision of the magistrate shall become final."
Taxpayer's motion to dismiss assumes that a motion for reconsideration or a motion for new trial does not extend the time for appealing a magistrate's written decision. Taxpayer's assumption is correct.
As used in ORS 305.501(5)(a), the term "written decision" refers to the dispositive decision of the magistrate. In this case, that decision was issued February 10, 1999. The legislature set the appeal period by statute at 60 days. That period cannot be extended by court order or practice. Brenner v. Dept. of Rev.,9 OTR 200 (1982). The county's Amended Complaint was filed after the 60-day appeal period had expired. Now, therefore,
IT IS ORDERED that Defendant's Motion to Strike Complaint and Motion to Dismiss Amended Complaint are granted.
Dated this 13th day of August, 1999.
 _________________________________ CARL N. BYERS Judge
[1] All references to the Oregon Revised Statutes are to 1997.